## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| Rodney A. Geren, | ) | Case No:  3:15-CV-02561 |
| | ) | |
| Plaintiff, | ) | **JUDGE JAMES G. CARR** |
| | ) | |
| vs. | ) | **MOTION TO DISMISS THE** |
| | ) | **COMPLAINT UNDER CIV.R.** |
| Paul A. Dobson, *et al.* | ) | **12(b)(6) OR, IN THE** |
| | ) | **ALTERNATIVE, FOR A MORE** |
| Defendants. | ) | **DEFINITE STATEMENT UNDER** |
| | ) | **CIV.R. 12(e)** |
| | ) | |
| | ) | Paul A. Dobson (0064126) |
| | ) | Wood County Prosecutor |
| | ) | By:  Maria Arlen B. de la Serna (0066875) |
| | ) | Assistant Prosecuting Attorney |
| | ) | One Courthouse Square |
| | ) | Bowling Green, Ohio  43402 |
| | ) | Phone:  (419) 354-9250 |
| | ) | Fax:  (419) 354-7627 |
| | ) | |
| | ) | Counsel for Defendants Paul A. Dobson, |
| | ) | Gwen Howe-Gebers & Detective Rod |
| | ) | Smith |

* * * * * * * * * *

Defendants Paul A. Dobson, Gwen Howe-Gebers, and Detective Rod Smith (hereinafter collectively referred to as "County Defendants"), by and through counsel, respectfully move this Court to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted against them or, in the alternative, to order Plaintiff to file a more definite statement pursuant to Fed. R. Civ. P 12(e) because Plaintiffs' Complaint is so vague or

1

ambiguous that County Defendants cannot reasonably prepare a response.  A memorandum in support of this motion is attached hereto.

Respectfully Submitted,

/s/ Maria Arlen B. de la Serna
Maria Arlen B. de la Serna
Assistant Prosecuting Attorney

## <u>MEMORANDUM IN SUPPORT</u>

### I.    THE COMPLAINT

Plaintiff, a state prisoner at the initiation of this action and proceeding *pro se*, filed a Complaint against Paul Dobson, Gwen Howe-Gebers[1], Detective Rod Smith, Police Chief Fairbanks, and Kurt Bruderly, Esq. purporting to assert claims under 42 USC 1983 for deprivation of his constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. The Complaint is a seven-page handwritten brief-like narrative consisting of four separate and distinct sections presented as 1) an introduction, 2) Parties in this Action, 3) Statement of Events, 4) and a Conclusion.  Doc #: 1  Aside from the "Parties in this Action" section where the parties are listed in separate numbered paragraphs, the entire Complaint is written in the form of long narrative paragraphs.

As best as County Defendants can discern from Plaintiff's Complaint, this case revolves around the search and seizure of Plaintiff's property, his arrest, prosecution, and incarceration. Plaintiff broadly, and in a conclusory fashion, asserts six claims in his Complaint.  First, Plaintiff alleges that he was made to answer to an infamous crime without the benefit of his Fifth and Fourteenth Amendment rights to due process.  Doc #:1 PageID #:1[2]  Second, he claims that he was

---

[1] Attorney Howe-Gebers' name is misspelled in the Complaint.
[2] All references to the record cite to the Complaint, Doc #: 1

not "properly charged with the henious [sic] crimes in accordance with State and Federal Laws and/or rules." *Id.*  Third, he alleges that he was "made to answer to these henious [sic] charges without proper legal counsel appointed in violation of [his] Sixth Amendment rights to proper counsel and to confront witness." *Id.*  Fourth, Plaintiff alleges that State and Federal Police conducted an unlawful search and seizure upon his home in violation of his Fourth and Fifth Amendment rights. *Id.*  Fifth, he claims that he was arrested for an uncharged crime. *Id.*  Sixth, he alleges that he was held without bail in violation of his Eighth and Fourth Amendment rights. *Id.*

As to each County Defendant, 1) Plaintiff specifically claims *respondeat superior* liability against Prosecutor Paul Dobson.  PageID #: 2.  2) Plaintiff sues Gwen Howe-Gebers both personally and in her official capacity as assistant county prosecutor and as the state attorney responsible "for attempting a flagrantly illegal act of holding [Plaintiff] accountable for an uncharged henious [sic] crime.  Also allowing others to go uncharged for crimes committed against [Plaintiff].  Furthermore aiding the State in a vindictive manner against [Plaintiff]." *Id.*  3) Plaintiff further alleges that Detective Rod Smith unlawfully entered his home and seized property without a warrant, allowed another to commit crimes, and failed to verify witnesses' statements. *Id.*

After reviewing Plaintiff's Complaint in its entirety, County Defendants now make the following motions pursuant to Fed. R. Civ. P. 12(b)(6), 12(e), and 12(g)(1). County Defendants maintain that the Complaint as written fails to state a claim upon which relief can be granted. Therefore, it should be dismissed.  In the alternative, County Defendants move the Court to order Plaintiff to file a more definite statement because the Complaint is so conclusory, inconsistent, vague, and ambiguous that it is impossible for County Defendants to discern the basis of Plaintiff's claims and prepare a reasonable response.

3

## II.     MOTION TO DISMISS

### A.     Standard under Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P 12(B)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted.   A motion to dismiss under Fed. R. Civ. P. 12(b)(6) requires the Court to construe the pleading in favor of the party asserting a claim, accept the factual allegations contained in that party's pleading as true, and determine whether the factual allegations present a plausible claim. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). The Supreme Court refined the *Twombly* standard in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) and explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal* at 1949.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, "[d]etermining whether a complaint states a plausible claim for relief will *** be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

Factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level" and cross "the line from conceivable to plausible." *Twombly* 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal* at 678, citing *Twombly* at 556. A complaint does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Iqbal* at 678, citing *Twombly* at 557.

4

**B.      Plaintiff's Complaint Fails to State a Claim Under the *Twombly* and *Iqbal* Plausibility Standard.**

In combination, *Twombly* and *Iqbal* prescribe a two-pronged approach to evaluating the sufficiency of a complaint -- the court must first disregard any legal conclusions, such as the recitation of legal formulae, and then must subject the surviving allegations, presumed to be true, to the "plausibility" standard.  Applying this two-pronged approach and a most liberal construction of Plaintiff's Complaint, it cannot survive a motion to dismiss.

In order to state a claim under 42 U.S.C.S. § 1983, facts must be alleged which show (1) deprivation of a right secured under the United States Constitution or federal law; and (2) that deprivation was caused by a person acting under color of state law.  *Alkire v. Irving*, 330 F.3d 802, 813 (6th Cir. 2003).  In this case, Plaintiff's Complaint offers mostly legal arguments, opinions, and conclusions, not factual allegations.  For instance, Plaintiff alleges that Prosecutor Dobson "acted in respondeat superior in this action." PageID #: 2.  He also claims that Assistant Prosecutor Howe-Gebers "aided the State in a vindictive manner" against him and illegally attempted to frame him for a heinous crime with illegal evidence.  PageID #: 2, 6.  He further states that he has "100% proof it's not the first time Wood County has acted in a vindictive manner and forced illegal acts" against him.  PageID #: 6.  All these conclusory allegations are not entitled to be assumed true and may be disregarded under the *Twombly/Iqbal* analysis.  When stripped of argumentative and conclusory allegations, the Complaint is left almost devoid of facts.

The parts of the Complaint that can reasonably be characterized as factual content consist of vague, incoherent, self-contradictory, and seemingly irrelevant facts.  For example, Plaintiff's warrantless search and seizure allegations are belied by his contradictory statements that "a search warrant was issued and executed in July of 2013."  PageID #: 4.  Plaintiff cannot plausibly allege a warrantless search and seizure if a warrant has been issued and executed.  The Complaint makes

5

several vague references to an infamous crime and heinous uncharged crimes but fails to identify the criminal charges.  PageID #: 1, 2, 6.  Some allegations seem to have no bearing on the asserted claims at all.  Plaintiff alleges claims that Dawn Minnich, estranged sister, "found child porn while at that house doing inventory and cleaning for the estate and that she was not in Plaintiff's mother's will."  PageID #: 4.  The Complaint also mentions several names—Dawn Minnich, Jacqui Fields, Robert L. Geren II, Probate Judge Woessner, Attorney Lawrence Gold—without any indication how they are connected to Plaintiff's §1983 case.

The rest of the Complaint is a rambling and confusing diatribe.  The Complaint does not set forth a timeline of events to determine the relevant dates for Plaintiff's alleged constitutional violations.  Plaintiff states that the Defendants have disregarded his rights "both under Ohio State and US law" since December of 2004.  He states that "[t]he sheer vindictive and just outright mean acts I've been forced to endure.  Acts since Dec. 2004!" PageID #:7.  Plaintiff claims that Defendants' actions are "100% despicable and should be stopped forever."  *Id.*  "No law enforcement bodies/agents should be allowed a pass on these heinous acts."  *Id.*  Referring to his defense counsel, Plaintiff states "[t]his attorney conduct is very disturbing!!"  PageID #: 5.

A review of Plaintiff's Complaint in its entirety will lead the Court to conclude that even a most liberal construction of Plaintiff's Complaint cannot survive a motion to dismiss.  On a 12(b)(6) motion to dismiss, a complaint must give the court reason to believe that the plaintiff has a reasonable likelihood of mustering factual support for his claims.  Plaintiff in this case has failed to do that.  Apart from his conclusory allegations that his constitutional rights have been violated by County Defendants, there are no facts to support any allegation of misconduct.  Plaintiff's Complaint does not state a claim for relief that is plausible on its face.  Therefore, the Court should dismiss his Complaint for failure to state a claim.

### C.      Plaintiff's 42 USC 1983 claims are barred by *Heck v. Humphrey*

*Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, bars Plaintiff's constitutional claims. In *Heck*, the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the [challenged] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87.  *Heck* specifically applies to damages actions that, if successful, "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence." *Id.*, 512 U.S. at 487.  "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  *Id.*

Applying *Heck,* it is abundantly clear that Plaintiff cannot proceed with his claims.  The gravamen of Plaintiff's Complaint is that he was prosecuted, convicted, and confined for "a henious [sic] crime with illegal evidence."  Plaintiff's Complaint directly challenges the fact of his conviction.  In the Complaint, he alleges that he is currently a state prisoner, he was made to answer to heinous charges, the prosecutor attempted to frame him with illegal evidence, and that he has entered a plea agreement.  If Plaintiff could establish these facts, it would necessarily imply that his conviction and confinement are invalid.    By inference, the Complaint also states that he has appealed the criminal cases.  PageID #: 6.  However, he has not alleged that his conviction has been overturned.

Therefore, Plaintiff's 1983 action is a collateral attack on his state criminal conviction that apparently has been appealed but not reversed.  Plaintiff's claims are barred under *Heck* because he cannot establish prior invalidation.

**C.**    **Plaintiff Has No Viable Claim Against Any of the County Defendants**

**1.**    **Plaintiff's 1983 Claim Against Paul A. Dobson**

Plaintiff sues Paul Dobson solely in his official capacity as Prosecuting Attorney for Wood County, Ohio "for failing to stop the unlawful acts."  PageID #:2.  Plaintiff further specifically alleges that his suit against Prosecutor Dobson is based on the doctrine of *respondeat superior*. Plaintiff's *respondeat superior* theory against Paul Dobson is not sustainable.

A suit against a public official in his official capacity for acts performed within the scope of his authority is equivalent to a suit against the governmental entity. *Jenkins v. Sheriff's Dep't*, 2000 U.S. App. LEXIS 14503, *3 (6th Cir. 2000).  "Individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (other citations omitted).  Therefore, Plaintiff's suit against Paul Dobson is equivalent to a suit against Wood County.

However, governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. See *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S. Ct. 2018 (1978).  "Under § 1983, a municipality can only be held liable if the plaintiff demonstrates that the injury suffered was a direct result of the city's official policy or custom." *Beckett v. Ford*, 384 Fed. Appx. 435, 453, 2010 U.S. App. LEXIS 12957, *53 (6th Cir. 2010) (other citations omitted)

In order to sufficiently allege a 1983 claim against a governmental entity, a plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy. See *Garner v. Memphis Police Dep't*,

8

8 F.3d 358, 363-64 (6th Cir. 1993).  "The doctrine of *respondeat superior* simply does not apply to § 1983 suits." See *Monell* at 691.

Plaintiff does not allege for whose acts Prosecutor Dobson is liable.  Presuming that Plaintiff claims that Prosecutor Dobson is liable for the acts of Assistant Prosecutor Howe-Gebers, Section 1983 claims cannot be founded in *respondeat superior*, but must arise from the officer's own actions.  "***Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948 (2009).  "Notably, there is no *respondeat superior* liability under § 1983, such as 'where the allegation of liability is based upon a mere failure to act. Rather, the supervisors must have actively engaged in unconstitutional behavior.'" *Shorts v. Bartholomew*, 255 Fed. Appx. 46, 53 (6th Cir. 2007), citing *Gregory v. Louisville*, 444 F.3d 725, 751 (6th Cir. 2006).

No allegation has been made, let alone factually supported, however liberally the Court construes the Complaint, that Prosecutor Dobson had any personal connection with the search and seizure of Plaintiff's property, his arrest, prosecution, or incarceration.  Plaintiff cannot prove a set of facts establishing that Paul Dobson violated Plaintiff's constitutional rights.

### B.    Plaintiff has no viable Claim Against Gwen Howe-Gebers

Plaintiff sues Assistant Prosecutor Gwen Howe-Gebers both in her official and individual capacity.  PageID #: 2.  In regard to Plaintiff's 1983 claim against Assistant Prosecutor Howe-Gebers in her official capacity, the same official capacity analysis in Prosecutor Dobson's claim applies to Assistant Prosecutor Howe-Gebers.  The suit against her in her official capacity is a suit against Wood County and Wood County cannot be held liable absent a custom or policy and a causal link between such custom and policy to the constitutional deprivation.

Insofar as the Complaint alleges claims against Gwen Howe-Gebers in her individual capacity, the Complaint against her should be dismissed on the basis of absolute prosecutorial

immunity.  "State prosecutors are absolutely immune from civil liability when acting within the scope of their prosecutorial duties." *Howell v. Sanders*, 668 F.3d 344, 349 (6th Cir. 2012) (citing *Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984 (1976)). The United States Supreme Court in *Imbler* specifically held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman* at 431. Absolutely protected acts of advocacy include those "undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Adams v. Hanson*, 656 F.3d 397, 402 (6th Cir. 2011).

The wrongful acts allegedly performed by Assistant Prosecutor Howe-Gebers essentially states a claim for malicious prosecution and failure to prosecute others.  These acts fall squarely within her prosecutorial role, therefore, are shielded by absolute prosecutorial immunity.  "A prosecutor is duty bound to exercise his best judgment . . . in deciding which suits to bring." *Joseph v. Patterson*, 795 F.2d 549, 556 (6th Cir. Mich. 1986), citing *Imbler v Pachtman* at 424.  Prosecutor Howe-Gebers' decision to prosecute Plaintiff and not others is an exercise of her best judgment of whether or not to initiate a particular prosecution.

The fact that Plaintiff characterizes her acts as vindictive and flagrant is of no matter.  "As the line of absolute-immunity cases make clear *** a prosecutor's allegedly improper motive alone is not enough to defeat absolute immunity, so long as the general nature of his actions falls within the scope of his duties as an advocate for the state." *Adams v. Hanson*, 656 F.3d 397, 405 (6th Cir. Mich. 2011), citing *Cady v. Arenac Cnty.*, 574 F.3d 334, 341 (6th Cir. 2009).  Even for egregious conduct such as "the knowing use of false testimony and the suppression of material evidence at [a] criminal trial", a prosecutor is absolutely immune from liability.  *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003) (citing *Imbler*).

10

The Court should dismiss the official and individual capacity claims against Assistant Prosecutor Howe-Gebers.

### C.  Plaintiff's Factual Allegations Against Detective Rod Smith

Plaintiff brings claims against Detective Rod Smith in his official and individual capacity. To the extent that Detective Smith is being sued in his official capacity as an officer of the Wood County Sheriff's Department, the claim must be deemed as if the Plaintiff is in fact suing Wood County.  See, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611, (1978).  In order to prevail against Wood County, Plaintiff must demonstrate that the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by Wood County.  *Id.*  Plaintiff has failed to do so.

Plaintiff's individual capacity claim against Detective Smith also fails because it lacks facial plausibility and is barred by the doctrine of qualified immunity.  As stated earlier, the Complaint alleges contradictory facts relating to the claim against Detective Smith.  As County Defendants read and understand Plaintiff's Complaint, it is alleging a violation of Plaintiffs' Fourth Amendment rights to unreasonable search and seizure.  As factual support, the Complaint alleges that Detective Smith conducted a warrantless search and seizure of Plaintiff's property.  However, the Complaint also alleges that a search warrant was issued and executed.  These contradictory facts cannot give rise to a plausible claim.

Greater factual specificity is particularly important to the claim against Detective Smith because he is entitled to raise the defense of qualified immunity.  Government actors may be shielded from liability for civil damages by qualified immunity if their "conduct did not violate plaintiff's clearly established rights, or if it would have been objectively reasonable for the official to believe that his conduct did not violate plaintiff's rights."  *Occupy Nashville v. Haslam*, 769 F.3d 434, 442 (6th Cir. 2014), citing *Saucier v. Katz*, 533 U.S. 194 (2001).    As a matter of law, not all

searches require a warrant. Even if a search has occurred without a warrant, a Fourth Amendment violation does not necessarily occur. "[W]arrantless searches are allowed when the circumstances make it reasonable, within the meaning of the Fourth Amendment, to dispense with the warrant requirement." *Kentucky v. King*, 563 U.S. 452, 462, 131 S. Ct. 1849, 1858 (2011).

The contradictory facts alleged by Plaintiff against Detective Smith fail to state a plausible claim of Fourth Amendment violation. Even if the Court were to find that Detective Smith conducted a warrantless search, Plaintiff's allegations do not state a claim of violation of clearly established law. Therefore, Detective Smith is protected by qualified immunity and is entitled to dismissal.

## III. MOTION FOR A MORE DEFINITE STATEMENT

County Defendants maintain that dismissal of Plaintiff's *pro se* complaint for failure to state a claim is proper because it is obvious that the Plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to cure the defects of his pleading. However, should the Court decide that a dismissal for failure to state a claim is not warranted in this case, County Defendants alternatively move for a more definite statement under Fed. R. Civ. P. 12(e).

Fed. R. Civ. P 12(g)(1) allows a 12(e) motion to be joined with any other motion allowed by Rule 12. Fed.R. Civ. P 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Applying this rule to Plaintiff's Complaint, a more definite statement is necessary because the County Defendants cannot even respond with a simple denial or admission as to a specific factual allegation. Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(e)(1) requires that each averment shall be simple, concise, and direct. Fed.

12

R. Civ. P. 10(b) requires that the allegations of a claim "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . [and] each claim found upon a separate transaction or occurrence . . . shall be stated in a separate count." Fed. R. Civ. P. 10(b).  A review of the Complaint reveals that Plaintiff has not complied with these basic pleading requirements.

The allegations in the Complaint are all grouped together in one set of narrative that it is impossible for County Defendants to determine which facts support which claims against a particular defendant.  County Defendants are mindful that *pro se* complaints are held to a less stringent standard than pleadings drafted by attorneys.  However, even *pro se* litigants must meet certain minimal standards of pleading.  See *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993).  Fed. R. Civ. P. 12(e), and 8(a)(2) guard against vague and ambiguous complaints that impede either the defendants' receipt of adequate notice of the claims asserted against them or their ability to form a responsive pleading. Defendants, and the Court, should not be burdened with the cumbersome task of sifting through Plaintiff's narrative to discern what the Plaintiff is claiming and to frame a responsive pleading.

Plaintiff's *pro se* Complaint deprives County Defendants of notice of the claims against them and the ability to respond.  The Complaint should be amended to allege factual specificity, present each claim for relief in a separate count as required by Fed. R. Civ. P. 10(b), allege which particular claims apply to a particular defendant, set forth a timeline of events, and lend itself to an early resolution of the qualified immunity issue.

## CONCLUSION

County Defendants move this Court to dismiss the Complaint for failure to state a claim. Dismissal is warranted because Plaintiff has no available legal theory against county defendants. In the alternative, County Defendants move the Court to order Plaintiff to file a more definite

statement conforming to the pleading requirements of the Federal Rules of Civil Procedure and

sufficient to allow County Defendants to frame a responsive pleading.

Respectfully submitted,

*/s/ Maria Arlen B. de la Serna*
Maria Arlen B. de la Serna
Assistant Prosecuting Attorney

## STATEMENT PURSUANT TO LOCAL RULE 7.1(f)

I hereby certify that this case has been assigned to the standard track.  This memorandum complies with the page limitations for the standard track.

*/s/ Maria Arlen B. de la Serna*
Maria Arlen B. de la Serna
Assistant Prosecuting Attorney

## Certification

I hereby certify that on March 11, 2016, a copy of the foregoing instrument was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular US Mail.  Parties may access this filing through the Court's system.

*/s/ Maria Arlen B. de la*
Arlen B. de la Serna
Assistant Prosecuting Attorney

14